IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>[1] NESTOR CLASS-HERNANDEZ, aka "Papito,"<br><br>　　　　　　　　　　Defendant. | **Criminal No. 13-888 (ADC)** |

### UNITED STATES' SENTENCING MEMORANDUM

**TO THE HONORABLE COURT:**

The United States of America through the undersigned attorneys very respectfully prays as follows:

**I.　Preliminary Statement**

1.　The United States acknowledges that pursuant to U.S. Sentencing Guideline ("USSG") Sec. 1B1.11(a) the Court is required to use the Guidelines Manual in effect at the date of sentencing and that, therefore, the reduction in base offense level based on drug amounts adopted through Amendment 782 applies to the sentencing guideline calculation in this case.

2.　We agree, therefore, that the offense level calculation in paragraph 87 of Presentence Investigation Report, ECF Doc. No. 790 (the "PSR") regarding defendant [1] Nestor Class-Hernandez (the "Defendant") is correct.

3.　The Defendant was charged by indictment for violation of: Title 21, *United States Code*, Sections 841(a)(1), 846 and 860 under Count **One** for conspiracy to possess and distribute controlled substances within a protected location; Title 21, *United States Code*, Sections 841(a)(1) and 860 and Title 18, *United States Code*, Section 2, under Count **Two** for aiding and

abetting in the possession/distribution of heroin; Title 21, *United States Code*, Sections 841(a)(1) and 860 and Title 18, *United States Code*, Section 2, under Count **Three** for aiding and abetting in the possession/distribution of cocaine base; Title 21, *United States Code,* Sections 841(a)(1) and 860; and Title 18, *United States Code*, Section 2, under Count **Four** for aiding and abetting in the possession/distribution of cocaine; Title 21, *United States Code*, Sections 841(a)(1) and 860; and Title 18, *United States Code*, Section 2, under Count **Five** for aiding and abetting in the possession/distribution of marijuana; Title 18, *United States Code*, Section 924(o), under Count **Six** for firearms conspiracy; Title 18, *United States Code*, Section 922(a)(1)(A), under Count **Seven** for unlawful dealing in firearms; and Title 18, *United States Code*, Section 922(g), under Count **Eight** for possession of a firearm by a prohibited person: felon.  D.E. 3.

4. The offense conduct arose from the Defendant's participation in a violent, drug trafficking organization ("DTO") that operated in Añasco, Puerto Rico from 2010 through 2013, s*ee* Plea Agreement at p. 13 (ECF Doc. No. 590), and for his role as a leader of the DTO pursuant to USSG § 3B1.1(a).

5. As indicated to the United States Probation Office, the DTO at the FF PHP was distributing approximately 3 kilograms of heroin, 3 kilograms of cocaine, and 672 grams of cocaine base, commonly known as crack, on a weekly basis.  *See*, PSR at ¶ 66.

6. Under the Plea Agreement the Defendant benefitted from a downward adjustment in offense level by stipulation as to drug amount lower than the drug amounts that would have been proven at trial and an agreement for no enhancement for the use of a firearm that was negotiated to accomplish an agreed upon sentence recommendation that appropriately acknowledged the Defendant's role and participation in this large and violent DTO.

7.     Accordingly, the United States stands by the terms and conditions of the Plea Agreement and requests a sentence of imprisonment within "the guideline range for total adjusted offense level of **35**," which sentence the Defendant acknowledges in Paragraph 6 of the Plea Agreement is a reasonable sentence pursuant to Title 18, *United State Code*, Section 3553(a), and the United States submits is an appropriate adjudication of the Defendant's culpability in light of the seriousness of the offense of conviction. *See*, Plea Agreement, ECF Doc. No. 590, at ¶ 6.

## II.     Applicable Law

8.     In *United States v. Booker*, the Supreme Court rendered the sentencing guidelines advisory. 543 U.S. 220, 260 (2005).

9.     At sentencing, a district "court ordinarily should begin by calculating the applicable guideline sentencing range [GSR]; then determine whether or not any departures are in order; then mull the factors delineated in 18 U.S.C. § 3553(a) as well as any other relevant considerations; and, finally, determine what sentence, whether within, above, or below the guideline sentencing range, appears appropriate." *See United States v. Dávila-González*, 595 F.3d 42, 46 (1st Cir. 2010) (quoting *United States v. Pelletier*, 469 F.3d 194, 203 (1st Cir. 2006)); *see also United States v. Jiménez-Beltre*, 440 F.3d 514, 518-19 (1st Cir. 2006) (en banc).

10.    The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established by the Guidelines; (5) any pertinent

Case 3:13-cr-00888-ADC   Document 851   Filed 04/27/15   Page 4 of 7

policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1)-(7).

### III. Discussion

#### A. *The Defendant Is A Hardened Criminal and Dangerous Recidivist Who Lead a Large Scale Drug Trafficking Organization Since Approximately 2008*

11. The Plea Agreement calculated the Defendant's total offense level as **35**, which yields a GSR of **168-210** months of imprisonment based on a Criminal History Category of **I**. *See*, PSR at ¶¶ 87 and 139.

12. The Defendant was reared by a devoted mother who always provided the basic needs for the Defendant and his siblings in a family devoid of abuse or neglect. *Id*. at ¶¶ 100 and 110.

13. He has enjoyed a supportive family and community that provided good role models for him. *Id*. at ¶¶¶ 101, 105 and 110.

14. He was actually provided valuable recreational activities during his formative years like horseback riding and baseball that afforded him an opportunity to develop effective social skills and leadership qualities. *Id*. at ¶¶ 105, 107 and 110.

15. Throughout Defendant's life he has been given productive chances and opportunities, but he squandered them.

16. Despite being raised in a supportive family network, the Defendant chose a life of crime, the echoes of which resonate in the facts of this case and in the litany of criminal arrests and charges filed against him, including a charge for attempted murder in 2008 and charges for domestic violence against this consensual partner in 2013, that bespeak of an underrepresented criminal history category. *Id*. at ¶¶ 95-98.

Sentencing Memorandum by U.S. – *U.S. v. Nestor Class-Hernandez* 13-888 [1] (ADC) – Page 4

17. Actually, the testimony presented before the Grand Jury included evidence of Defendant's admissions that he had paid approximately $8,000 to the victim in the attempted murder charges filed against him in 2008 not to appear as a witness against him; actions which lead directly to the dismissal of those charges.

18. In this case, the Defendant admitted to being the leader of the DTO that operated from the FF PHP in Añasco, Puerto Rico for years and to directly controlling and supervising the drug trafficking activities at the drug distribution points located at the FF PHP. *See*, Plea Agreement at p. 13-14.

19. It was a known matter and means of the conspiracy that the members of the DTO would carry firearms, and that they would routinely possess, carry, brandish and use the firearms to protect themselves and the DTO. *See*, PSR at ¶ 26.

20. The leaders of the DTO would, in fact, routinely provide the firearms to the members of the conspiracy to protect the drugs, the drug proceeds and the members from rival drug trafficking gangs. *Id*.

21. Further than his admissions in the factual statement to the Plea Agreement, the Defendant would have been identified as the leader of the DTO, who carried two Glock 9 millimeter firearms and other long weapons in furtherance of the conspiracy, by five cooperating witnesses and five confidential sources.

22. Several videos and telephone recordings of the Defendant would have been used to corroborate his role and direct participation in the conspiracy.

23. He has also show a total lack of respect for the law and authority; a volitional and hardened criminal attitude evidenced by his outstanding traffic violation for speeding and by the

three infractions committed at the Bureau of Prisons in a six month period: one for the use of contraband (a cellphone) and two for assaulting fellow inmates. *Id*. at ¶¶ 73 and 135.

24.     Furthermore, his alleged ability to earn the respect of his community through his willingness to attend to the "sports needs of the children at the FF PHP" is nothing other than evidence of his unquestioned role as the leader of the DTO operating therein since he was able to provide this financial assistance to the children of the residents of the FF PHP while "always providing financially" for his three children and his extended family *despite the fact* that he never had a steady source of legal employment or income that would justify his financial largesse. *Id*. at ¶ 132.

25.     Based on a consideration of the § 3553(a) factors, the offense conduct, and the history and characteristics of the Defendant, the United States recommends a sentence of **210 months**, or 17 and a half years, of imprisonment.

26.     This is a fair sentence based on the nature and circumstances of the offense, his history and characteristics, the need for the sentence to reflect the seriousness of the offense, and to promote respect for the law.

27.     This sentence will provide just punishment, adequate deterrence, and, most importantly, protect the public from further crimes by the Defendant.

**WHEREFORE**, the United States respectfully requests that this Honorable Court take notice of the above-referenced sentencing memorandum and sentence the Defendant according to the recommendation.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, on April 27, 2015.

      **ROSA EMILIA RODRIGUEZ-VELEZ**
      **UNITED STATES ATTORNEY**

      *s/Dennise N. Longo Quiñones*
      Assistant United States Attorney
      USDC No. 211408
      United States Attorney's Office
      350 C. Chardón Avenue, Suite 1201
      San Juan, Puerto Rico 00918
      dennise.n.longo@usdoj.gov
      Tel: (787) 766-5656

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for the defendant. In San Juan, Puerto Rico, on April 27, 2015.

      *s/Dennise N. Longo Quiñones*
      Assistant United States Attorney